UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES ROBERT HALEY,

    Defendant.

Case No. CR06-314RSL

ORDER DENYING DEFENDANT'S MOTION FOR LUMP-SUM RESTITUTION PAYMENT

## I. INTRODUCTION

This matter comes before the Court on "Defendant's Motion for Approval of Agreed Lump-Sum Restitution Payment and for Remission of Remaining Restitution Obligation to Key Bank" (Dkt. #19). Contending that defendant James Robert Haley and victim Key Bank have the right to reach a settlement for a $35,000 cash payment to Key Bank in return for remission of a restitution obligation in the amount of $336,837, defendant moves for an order approving Key Bank's settlement offer. For the reasons set forth below, the Court denies defendant's motion.

## II. DISCUSSION

**A.  Mandatory Victim Restitution Act**

Defendant points to policy objectives underlying the Mandatory Victim Restitution Act ("MVRA") (18 U.S.C. §§ 3663A and 3664) to support his proposal for a lump-sum restitution payment to Key Bank. See Reply at 1-2. Defendant argues that an agreement between the

ORDER DENYING DEFENDANT'S MOTION
FOR LUMP-SUM RESTITUTION PAYMENT    1

defendant and victim for the victim to receive less than originally due is analogous to the MVRA's other procedural protections of victims. The MVRA enumerates several provisions to protect victims' interests, such as victims' rights to receive notice of the proceedings and to request amending the restitution order for an increased amount. See 18 U.S.C. §§ 3664(d)(2)(A) and 3664(d)(5). The MVRA also allows the defendant, victim, or government to notify the court of a change in the defendant's economic circumstances. See 18 U.S.C. § 3664(k). The MVRA does not, however, provide for the victim and defendant settling for decreased restitution after sentencing. Defendant correctly observes that victim welfare is a key purpose of the MVRA. This purpose coexists with others, such as deterrence, that likewise form fundamental bases underlying the MVRA provisions and criminal sentencing generally. Defendant's proposed settlement of paying Key Bank $35,000 neither satisfies any of the specific provisions of the MVRA nor accords with the reasons underlying the original sentence's restitution amount of $336,837.

**B.    Restitution under United States v. Turner**

Both parties agree that United States v. Turner, 312 F.3d 1137 (9th Cir. 2002), serves as controlling law in this case. Defendant argues that Turner stands for the proposition that the victim has the right to contract around the restitution order to arrange for a smaller lump-sum payment (see Dkt. #19, "Memorandum of Law in Support of Defendant's Motion" at 3-4), whereas the government reads Turner as only allowing the victim the right to assign the victim's interest in restitution without effecting any decrease in the amount defendant must ultimately pay (see Dkt. #20 (Response) at 3).

Contrary to defendant's assertion (Reply at 3, footnote 2), the provision that the defendant must pay the full amount of restitution, regardless of assignment, is a holding in Turner and not mere dicta. Turner 312 F.3d at 1144 ("Turner is subject to the full amount of restitution."). The Turner court allowed the victim to assign the restitution obligation to another person in exchange for payment under 18 U.S.C. § 3663(b)(5), which provides that the victim

may consent to receive restitution in services in lieu of money or designate another person or organization to receive the restitution.  Id.  The court specifically barred the rescinding of a restitution order absent the conditions listed in 18 U.S.C. §§ 3664(k) (defendant's changed economic circumstances), 3664(d)(5) (victim's petition to increase restitution), or 3163A and 3164 (defendant's default upon his restitution obligation).  Id. at 1143.  Thus Turner does not stand for defendant's proposition that he be excused from paying full restitution due Key Bank by Key Bank's proposal to accept a smaller lump-sum payment.  It does, however, permit Key Bank to enter into a sale and assignment agreement with a third party.  Defendant also has the option of presenting the Court with a motion for a reduction in the restitution obligations for inability to pay.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's "Motion for Approval of Agreed Lump-Sum Restitution Payment and for Remission of Remaining Restitution Obligation to Key Bank" (Dkt. #19).

DATED this 4th day of March, 2008.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR LUMP-SUM RESTITUTION PAYMENT         3